IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| PHILIP G. REAVIS Individually and as Personal Representative of the ESTATE OF JANCY T. REAVIS, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | **COMPLAINT**    CA:  3:26-cv-00232-MGL |
| vs. | ) ) | Jury Trial Demanded |
| LEXINGTON HEALTH, INC. d/b/a LEXINGTON MEDICAL CENTER, JOHNATHAN ENGH, MD, and VICTORIA L. McGOWAN, NP, JOHN DOE, and DOE CORPORATION, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiff, complaining of the Defendants, alleges and states as follows:

### PARTIES

1.  The Plaintiff Philip G. Reavis ("Mr. Reavis") is a citizen and resident of the State of Georgia. He is the duly appointed personal representative of the estate of his late wife, Jancy T. Reavis ("Mrs. Reavis"), who died on January 28, 2024 while a patient at Lexington Medical Center. At all times relevant to the matters alleged herein, Mr. and Mrs. Reavis were married and living together as husband and wife.

2.  The Defendant Lexington Health, Inc. ("Lexington") is a business organized and existing pursuant to the laws of the State of South Carolina with its principal place of business located in Lexington County, South Carolina. At all times relevant to the matters alleged herein, Lexington owned, operated, and managed Lexington Medical Center through its actual and apparent agents, servants, and employees, for whose actions and conduct Lexington is legally liable.

3.  The Defendant Johnathan Engh, MD is a citizen and resident of Lexington County, South Carolina who at all times relevant to the matters alleged herein was acting as the actual and

apparent agent, servant, and employee of Lexington.

4. The Defendant Victoria L. McGowan ("Ms. McGowan") is a citizen and resident of Lexington County, South Carolina who at all times relevant to the matters alleged herein was acting as the actual and apparent agent, servant, and employee of Lexington and Dr. Engh, under whose auspices she performed her job duties.

5. The Defendants John Doe and Doe Corporation are persons and entities who had a material role in providing medical care to Mrs. Reavis as alleged herein but whose identities, after reasonable diligence, are unknown and unknowable to Mr. Reavis but known by or available to the other Defendants.

**JURISDICTION**

6. The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332 in that it involves a dispute between residents of different States (Georgia and South Carolina) with an amount in controversy exceeding $75,000.00 exclusive of interest and attorneys fees.

**VENUE**

7. Venue of this action in this District and Division is proper pursuant to 28 US.C. §1391(b)(2) and (3), in that the Defendants all reside in Lexington County, South Carolina and the most substantial portion of the underlying events occurred in Lexington County, South Carolina.

**FACTUAL ALLEGATIONS**

8. Mrs. Reavis established a patient/provider relationship with the Defendants when she went to Dr. Engh at Lexington Medical Center in December 2023 seeking evaluation and treatment for a colloid cyst in her brain.

9. Dr. Engh evaluated Mrs. Reavis.

10. Dr. Engh recommended brain surgery to remove the cyst.

11. Mrs. Reavis underwent brain surgery performed by Dr. Engh at Lexington Medical Center.

12. After the brain surgery, Mrs. Reavis developed a post-operative complication known as hydrocephalus, or fluid collecting in her brain.

13. Evidence of developing hydrocephalus was present on imaging taken the day after the

surgery.

14. This evidence was not appreciated by the Defendants, although the evidence was there to be seen.

15. Post-operative hydrocephalus is detectable and when identified early hydrocephalus is treatable and survivable. It only becomes fatal when the hydrocephalus creates sufficient pressure inside the skull to cause brain damage. Hydrocephalus can be effectively treated by placing a drain to remove the fluid and prevent intracranial pressure from increasing.

16. Mrs. Reavis' developing hydrocephalus went undetected.

17. Mrs. Reavis' developing hydrocephalus went untreated.

18. Mrs. Reavis exhibited an abnormal decline in her neurological status.

19. Mrs. Reavis exhibited abnormal breathing.

20. The Defendants wanted advanced brain imaging because they recognized that Mrs. Reavis might be in danger.

21. The Defendants ordered an MRI of the brain.

22. The MRI was not performed in a timely fashion.

23. The Defendants failed to take steps to obtain the MRI in a timely fashion.

24. Mrs. Reavis' condition worsened.

25. The Defendants took Mrs. Reavis back to the operating room but by the time they did so Mrs. Reavis' hydrocephalus had advanced to the point that it was no longer survivable.

26. Mrs. Reavis died from hydrocephalus on January 28, 2024.

27. Mrs. Reavis is survived by her husband, her daughter, her son, her father, and her brother.

28. This action is filed on behalf of Mrs. Reavis, her estate, Mr. Reavis, and their children, each of whom have suffered harm and are claimants against the Defendants.

## FOR A FIRST CAUSE OF ACTION
(Medical Malpractice)

29. The allegations in Paragraphs 1 through 28 above are realleged as fully as if restated herein.

30. Mrs. Reavis' suffering and death were due to and caused by the negligent, grossly

negligent, willful, wanton, and reckless actions and conduct of the Defendants, combining and contributing together with one another, in the following particulars:

a.  failing to appreciate radiographic evidence of developing post-operative hydrocephalus;

b.  failing to timely order an MRI;

c.  failing to arrange for a timely MRI;

d.  failing to timely diagnose the hydrocephalus;

e.  failing to timely treat the hydrocephalus;

f.  such other particulars as the evidence through discovery and trial may hereafter tend to prove or suggest.

31. The Plaintiff is entitled to recover actual and punitive damages from the Defendants, jointly and severally, in an amount to be determined by the trier of fact.

**FOR A SECOND CAUSE OF ACTION**
(Survival)

32. The allegations in Paragraphs 1 through 31 above are realleged as fully as if restated herein.

33. Pursuant to S.C. CODE ANN. §15-5-90 (Code 1976, as amended), the Plaintiff Philip G. Reavis, as Personal Representative of the Estate of Jancy T. Reavis, is entitled to recover actual and punitive damages against the Defendants on behalf of himself, the Estate, and all statutory claimants, for Mrs. Reavis' conscious pain and suffering prior to her death.

**FOR A THIRD CAUSE OF ACTION**
(Wrongful Death)

34. The allegations set forth in Paragraphs 1 through 33 above realleged as fully as if restated herein.

35. Pursuant to S.C. CODE ANN. §15-51-10 (Code 1976, as amended), the Plaintiff Philip G. Reavis, as Personal Representative of the Estate of Jancy T. Reavis, is entitled to recover actual and punitive damages against the Defendants on behalf of himself, the Estate, and all statutory claimants, for the wrongful death of Mrs. Reavis.

WHEREFORE the Plaintiff prays for judgment against the Defendants, jointly and severally,

in an amount of actual and punitive damages to be determined by the trier of fact, together with the costs of this action; and for such further legal and equitable relief as the court deems just and proper.

BY:    S/  Robert B. Ransom
           Robert B. Ransom
           Federal ID No. 04872
           LEVENTIS & RANSOM
           Post Office Box 11067
           Columbia, SC 29211
           (803) 765-2383

ATTORNEYS FOR THE PLAINTIFF